1

2

3

4

5

6

7

8

9

10

11

12

13

14

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HOMESITE INSURANCE COMPANY OF THE MIDWEST, a Wisconsin corporation, | CASE NO. 2:21-cv-01389-JHC |
| Plaintiff, | ORDER RE: DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, PLAINTIFF'S RESPONSE AND CROSS-MOTION, AND PLAINTIFF'S AMENDED COMPLAINT |
| v. | |
| ROBERT HOWELL, JR., a single individual, ROBIN HOWELL, a single individual, and ROBERT HOWELL, SR., a single individual, | |
| Defendants. | |

15

16

17

18

19

20

21

22

23

24

        This matter comes before the Court on Defendants' Motion for Summary Judgment, filed

on March 17, 2022 (Dkt. # 23), Plaintiff's Cross-motion and Response, filed on April 4, 2022

(Dkt. # 32), and Plaintiff's Amended Complaint, filed on May 9, 2022 (Dkt. # 48). For the

reasons below, the Court STRIKES Defendants' motion and Plaintiff's cross-motion and

response as moot, and ORDERS Plaintiff to provide additional information as to the amount in

controversy.

ORDER RE: DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT,
PLAINTIFF'S RESPONSE AND
CROSS-MOTION, AND PLAINTIFF'S
AMENDED COMPLAINT - 1

1

2

### A.  Defendants' Motion for Summary Judgment and Plaintiff's Cross-motion and Response

As an initial matter, the Court construes the first section of Defendants' motion, in which they challenge the Court's subject matter jurisdiction, not as a motion for summary judgment but as a motion to dismiss under Rule 12(b)(1).  *See* Fed. R. Civ. P. 12(b)(1).  The Court may not address the remainder of Defendants' motion—in which they seek judgment on nine issues, as well as Rule 11 sanctions and/or attorney fees—until it has determined whether it has subject matter jurisdiction over this action.  *See* Fed. R. Civ. P. 12(h)(3); *see also Arbaugh v. Y&H Corp.,* 546 U.S. 500, 502 (2006) ("when a federal court concludes that it lacks subject-matter jurisdiction, the complaint must be dismissed in its entirety.").

After Defendants filed their motion and Plaintiff filed its cross-motion and response, Plaintiff filed an amended complaint.  Dkt. # 48.  In the Ninth Circuit, the filing of "an amended complaint supercedes the original complaint and renders it without legal effect." *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 927 (9th Cir. 2012).  "Courts often apply this rule to motions to dismiss a complaint that has since been superseded and deny such motions as moot."  *Bisson v. Bank of Am.*, *N.A.*, No. C12-0995JLR, 2012 WL 5866309, at *1 (W.D. Wash. Nov. 16, 2012) (collecting cases).  Plaintiff's amended complaint (Dkt. # 48) has superseded the original complaint (Dkt. # 1) and is now the operative pleading in this proceeding.  Accordingly, the Court STRIKES Defendant's motion (Dkt. # 23), as well as Plaintiff's cross-motion and response (Dkt. # 32), as moot without prejudice to refiling.  *See Caldwell v. Boeing Co.*, No. C17-1741JLR, 2018 WL 2113980, at *3 (W.D. Wash. May 8, 2018) ("the court denied Boeing's first motion to dismiss as moot because Mr. Caldwell's second amended complaint superseded his original complaint and rendered his original complaint without legal effect.").

ORDER RE: DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT,
PLAINTIFF'S RESPONSE AND
CROSS-MOTION, AND PLAINTIFF'S
AMENDED COMPLAINT - 2

### B.  Plaintiff's Amended Complaint

Plaintiff's amended complaint (Dkt. # 48) asserts that the Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because "[t]here is complete diversity between the parties, and based on information and belief, the amount in controversy exceeds $75,000, exclusive of costs and interest." *Id.* at 2.  Aside from this conclusory statement, the amended complaint does not allege any specific facts regarding the amount in controversy. *See generally* Dkt. # 48.

Federal district courts are "courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005).  If a federal court determines that it lacks subject matter jurisdiction at any time during a dispute, the court must dismiss the action.  *See* Fed. R. Civ. P. 12(h)(3); *Rosales v. United States*, 824 F.2d 799, 803 n.4 (9th Cir. 1987); *Arbaugh*, 546 U.S. at 502.  The party invoking jurisdiction must allege facts that establish the court's subject matter jurisdiction. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992).

District courts have jurisdiction in civil actions where there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.  *See* 28 U.S.C. § 1332(a).  Generally, the amount in controversy is determined from the face of the pleadings.  *See Pachinger v. MGM Grand Hotel–Las Vegas, Inc.,* 802 F.2d 362, 363 (9th Cir.1986).  The sum claimed by the plaintiff controls so long as the claim is made in good faith.  *St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 288 (1938).  "To justify dismissal, 'it must appear to a legal certainty that the claim is really for less than

ORDER RE: DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT,
PLAINTIFF'S RESPONSE AND
CROSS-MOTION, AND PLAINTIFF'S
AMENDED COMPLAINT - 3

the jurisdictional amount.'" *Budget Rent–A–Car v. Higashiguchi,* 109 F.3d 1471, 1473 (9th Cir. 1997) (quoting *St. Paul Mercury Indem. Co.,* 303 U.S. at 289).[1]

Although courts generally favor a plaintiff's choice of forum, a pleading must nevertheless show "affirmatively and distinctly the existence of whatever is essential to federal jurisdiction." *Tosco Corp. v. Communities For a Better Env't,* 236 F.3d 495, 499 (9th Cir. 2001); *see also Mason v. Arizona,* 260 F.Supp.2d 807, 815 (D.Ariz. 2003) ("Unlike a Rule 12(b)(6) motion . . . the court will not reasonably infer allegations sufficient to support federal subject matter jurisdiction because a plaintiff must affirmatively allege such jurisdiction."). Here, Plaintiff's conclusory statement that "the amount in controversy exceeds $75,000" does not "affirmatively and distinctly" show that this Court has jurisdiction under section 1332. *See, e.g., Baxter v. Rodale, Inc.,* No. CV 12-00585 GAF MANX, 2012 WL 1267880, at *2 (C.D. Cal. Apr. 12, 2012), *aff'd* 555 F.App'x 728 (9th Cir. 2014) (even in a non-removal case, conclusory allegations as to the amount in controversy are insufficient). The amended complaint does not include any specific information regarding the damages sought in the underlying state court

---

[1] In diversity cases, where the amount in controversy is in doubt, the Supreme Court has drawn a sharp distinction between original jurisdiction and removal jurisdiction:

> [I]n cases brought in the federal court ... [i]t must appear to a legal certainty that the [plaintiff's] claim is really for less than the jurisdictional amount to justify dismissal … A different situation is presented in the case of a suit instituted in a state court and thence removed. There is a strong presumption that the plaintiff has not claimed a large amount in order to confer jurisdiction on a federal court or that the parties have colluded to that end.

*St. Paul Mercury Indem. Co.,* 303 U.S. at 288–290. Plaintiff has brought this suit in federal court; therefore, the first standard controls.

ORDER RE: DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT,
PLAINTIFF'S RESPONSE AND
CROSS-MOTION, AND PLAINTIFF'S
AMENDED COMPLAINT - 4

action,[2] and it is otherwise devoid of any factual basis for the assertion that the amount in controversy is met. *See generally* Dkt. # 48.

For the foregoing reasons, the Court ORDERS Plaintiff to show cause why the Court should not dismiss without prejudice the present action for lack of subject matter jurisdiction. Plaintiff must file a response within fourteen (14) days of the date of this order, and the response must include support for the Court's exercise of subject matter jurisdiction over this action. If Plaintiff fails to file a response or otherwise fails to demonstrate that the Court has subject matter jurisdiction, the Court will dismiss their complaint without prejudice.

Dated this 19th day of September, 2022.

John H. Chun
John H. Chun
United States District Judge

---

[2] "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002).

ORDER RE: DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT,
PLAINTIFF'S RESPONSE AND
CROSS-MOTION, AND PLAINTIFF'S
AMENDED COMPLAINT - 5