UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HOMESITE INSURANCE COMPANY OF THE MIDWEST, a Wisconsin corporation,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT HOWELL, JR., a single individual, ROBIN HOWELL, a single individual, and ROBERT HOWELL, SR., a single individual,<br><br>Defendants. | CASE NO. 2:21-cv-01389-JHC<br><br>ORDER ON SUBJECT MATTER JURISDICTION |

This matter comes before the Court on Plaintiff's Response to Show Cause Order. Dkt. # 61. On September 19, 2022, the Court ordered Plaintiff to provide more information as to the amount in controversy. Dkt. # 60. Plaintiff submitted a response on October 3, 2022, and Defendant submitted objections on October 4, 2022. Dkts. ## 61, 63. Having considered the submissions of both parties, the applicable law, and the case file, the Court concludes that it has subject matter jurisdiction over this action.

This is an insurance coverage dispute, involving Plaintiff's alleged duty to defend Defendant Robert Howell Jr. against claims brought in Whatcom County Superior Court. *See* Dkt. # 48 at 2. In December 2020, Sierra Pacific Land & Timber Company ("SPLT") filed a complaint to quiet title against Robert Howell Jr. ("The Sierra Pacific Lawsuit"). Dkt. # 1 at 22–

ORDER ON SUBJECT MATTER
JURISDICTION - 1

30. Homesite is now defending in the Sierra Pacific Lawsuit under a reservation of rights. Dkt. # 1 at 87–101. Homesite has filed this action for declaratory relief, asking the Court to declare that it has no duty to defend in the Sierra Pacific Lawsuit. See Dkt. # 48.

The parties dispute whether the Court has subject matter jurisdiction over this action. The Howells argue that Homesite has not established that the amount in controversy is over $75,000.00. See Dkt. # 63.

District courts have jurisdiction in civil actions where there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. See 28 U.S.C. § 1332(a). The sum claimed by the plaintiff controls so long as the claim is made in good faith. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938). "To justify dismissal, 'it must appear to a legal certainty that the claim is really for less than the jurisdictional amount.'" *Budget Rent–A–Car v. Higashiguchi,* 109 F.3d 1471, 1473 (9th Cir. 1997) (*quoting St. Paul Mercury Indem. Co.*, 303 U.S. at 289). Although courts generally favor a plaintiff's choice of forum, a pleading must still show "affirmatively and distinctly the existence of whatever is essential to federal jurisdiction." *Tosco Corp. v. Communities For a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001).

Based on Plaintiff's responsive filing, the Court is satisfied that it has subject matter jurisdiction over this matter. First, while SPLT does not name a specific figure in the underlying lawsuit, it seeks damages equivalent to the cost of removing "several thousands of feet" of water pipelines and fixing a damaged road, along with "treble damages and reimbursing [SPLT] for their reasonable costs, including, but not limited to, investigative costs, reasonable attorney fees, and other litigation related costs in bringing this action." Dkt. # 1 at 29–30. The Court can reasonably infer that these amounts would exceed $75,000.00. *See Roe v. Michelin N. Am., Inc.,* 613 F.3d 1058, 1064 (11th Cir. 2010) ("courts may use their judicial experience and common

sense in determining whether the case stated in a complaint meets federal jurisdictional requirements."). Plaintiff has also stated that on February 3, 2022, Defendant's counsel advised him that the attorney fees incurred thus far by Howell Jr. in the Sierra Pacific Lawsuit were around $14,000.00. Dkt. # 33 at 4. And it is reasonable to assume that these fees have increased in the last nine months. Lastly, SPLT recently issued a settlement proposal to Robert Howell Jr., presenting him with the option of removing the water system and associated materials subject to a $150,000.00 performance bond, which is presumably an estimated amount to perform remediation work. Dkt. # 62–1.[1]

The settlement letter and the statement by Defendants' counsel on February 3, 2022, that attorney fees accrued thus far in the Sierra Pacific Lawsuit were about $14,000.00, combined with Plaintiff's allegations about the nature of the damages sought by SPLT, satisfy the amount in controversy requirement. The Court notes that, because this action began in federal court, it

---

[1] The Court is not persuaded by Defendants' arguments that the settlement letter is inadmissible. First, Defendants appear to object on hearsay grounds. *See* Dkt. # 63 at 3 ("First, it is hearsay. Counsel in the coverage action . . . are not recipients of the letter and are not competent to attest to the authenticity of the document without offering more of an explanation."). The Court does not see how the settlement letter constitutes hearsay, *see* Fed. R. Evid. 801, or how the letter is not properly authenticated, *see* Fed. R. Evid. 901(a)(1) (requiring only testimony of a witness with knowledge that the item "is what it is claimed to be."). Moreover, there is authority that the rules of admissibility under the Federal Rules of Evidence do not strictly apply to a preliminary and miscellaneous matter such as deciding whether the amount in controversy requirement has been satisfied. *See Major v. Diageo N. Am., Inc.,* No. 22-CV-3027 (LJL) 2022 WL 2079756, at *1 (S.D.N.Y. June 9, 2022); *Jimenez v. Ford Motor Co.,* No. 21-CV-04967-VC, 2021 WL 5149865, at *1 (N.D. Cal. Nov. 5, 2021); *Raskas v. Johnson & Johnson*, 719 F.3d 884, 888 (8th Cir. 2013) (rejecting the argument that "affidavits are insufficient to establish the amount in controversy requirement because they contain inadmissible hearsay"); *Knowles Publishing v. American Motorists Insurance Co.*, 248 F.3d 1139 (5th Cir. 2001) (noting that even if "affidavits may be hearsay," they are still "admissible for proving the amount in controversy"). Second, Defendants argue that the letter cannot be considered under Fed. R. Evid. (or the analogous state rule) 408. But courts also reject this argument. *See Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) ("We reject the argument that Fed. R. Evid. 408 prohibits the use of settlement offers in determining the amount in controversy."). Lastly, Defendants argue that, because the cost of a performance bond is typically 1–2% of the bond and because "the entire cost of the bond could be avoided simply by having Sierra Pacific do the work and bill the Howells," the settlement demand does not establish that the amount in controversy exceeds $75,000.00. Dkt. # 63 at 4. But a performance bond is a bond "given by a surety to ensure the timely performance of a contract," BLACK'S LAW DICTIONARY (11th Ed. 2019), and thus logically the amount of the bond would roughly equal the cost of performance of the contract.

ORDER ON SUBJECT MATTER
JURISDICTION - 3

may only dismiss if it appears to a "legal certainty" that the claim is really for less than the jurisdictional amount. *Budget Rent–A–Car,* 109 F.3d at 1473. Plaintiffs have met their burden of proof and Defendants have not established to a legal certainty that this action should be dismissed.

Dated this 14th day of November, 2022.

John H. Chun
United States District Judge