UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HOMESITE INSURANCE COMPANY OF THE MIDWEST,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT HOWELL, JR., ROBIN HOWELL, ROBERT HOWELL, SR, ROBERT HOWELL, JR,<br><br>Defendants. | CASE NO. 2:21-cv-01389-JHC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO COMPEL (DKT. 51)** |

Defendant Robert Howell, Jr. ("Howell Jr.") moves to compel further response to interrogatories and requests for production sent to Plaintiff Homesite Insurance Company of the Northwest ("Homesite"). Dkt. 51; Dkt. 52, Johnson Dec, Ex. 1. Howell Jr. seeks an order declaring Homesite's objections as untimely and therefore, waived; striking Homesite's "General Objections;" and, compelling further responses to Interrogatories 8, 9, 11, 18, and 20, and Requests for Production 1, 4, 5, 7 and 8.

Based on the motion to compel, Homesite's response (Dkt. 57), Howell Jr.'s reply (Dkt. 59), and balance of the record, the Court grants in part and denies in part, Howell Jr.'s motion to compel, as explained herein.

CASE BACKGROUND

This is an insurance coverage dispute involving Homesite's alleged duty to defend Howell Jr. against claims brought in Whatcom County Superior Court. See Dkt. 48 at 2. In

ORDER GRANTING IN PART AND
DENYING IN PART DEFENDANT'S
MOTION TO COMPEL (DKT. 51) - 1

December 2020, Sierra Pacific Land & Timber Company ("SPLT") filed a complaint to quiet title against Howell Jr. ("The Sierra Pacific Lawsuit"). Dkt. 1 at 22–30. Homesite is now defending Howell Jr. in the Sierra Pacific Lawsuit under a reservation of rights. Dkt. 1 at 87–101. Homesite filed this action for declaratory relief, asking the Court to declare it has no duty to defend in the Sierra Pacific Lawsuit. Dkt. 1. Robin Howell and Howell Jr. counterclaimed for declaratory judgment, breach of contract, insurance bad faith, and violation of Washington Consumer Protection Act and Insurance Fair Conduct Act (the "Counterclaims"). Dkt. 12, 13.

Howell Jr. served Homesite with a first set of discovery requests on January 24, 2022. Dkt. 52, Johnson Decl. Ex. 1. The parties held their Rule 26(f) conference on Thursday, February 3, 2022. *Id.*, Johnson Decl. Ex. 2. Homesite's counsel affirmatively stated that Homesite's responses would be due thirty days after the Rule 26(f) conference and this date was confirmed in an email dated February 11, 2022. *Id.*, Johnson Decl. Ex. 3.

Thus, Homesite's deadline for filing its objections, answers and response to the discovery requests was March 7, 2022. On March 1, 2022, at 11:59 a.m., Homesite's counsel asked for an extension of that deadline while it prepared and filed an amended complaint to reflect Homesite's understanding that Robin and Howell Sr. have been divorced since 2013. Dkt. 58, Declaration of Miles J. M. Stewart, Ex. A. Counsel for the Howells objected to the filing of an amended complaint and any extension of discovery responses in part, because the discovery requests are contention interrogatories based on claims asserted in the original complaint and because Homesite had more than thirty days to respond (deadline for response was set on date of Rule 26(g) conference and not on date of delivery). *See id.*, Ex. B.

Homesite sent its objections, answers, and responses on March 8, 2022, at 10:22 a.m., less than one day after the deadline. Dkt. 58, Declaration of Miles J. M. Stewart, Ex. C. Howell,

1  Jr. asks the Court to strike all of Homesite's objections as having been waived due to the delay.

2  While the motion to compel was pending, the Howells moved to dismiss for lack of federal court jurisdiction. Dkt. 23. On November 14, 2022, the Court concluded that it has subject matter jurisdiction over this action.

DISCUSSION

A. Motion to Strike Objections for Late Filing

It is undisputed Homesite missed its deadline of March 7, 2022 by less than one day. *See* Dkt. 58, Declaration of Miles J. M. Stewart, Ex. C (objections, answers and responses filed on March 8, 2022, at 10:22 a.m.) Howell, Jr. asks the Court to strike all of Homesite's objections as having been waived due to the delay.

Rule 34(a) requires a party to whom a request is directed to "respond in writing within 30 days after being served." Fed. R. Civ. P. 34(b)(2)(A). The response must state either, that the document will be provided for inspection as requested, or state an objection to the request, including the reasons. Fed. R. Civ. P. 34(b)(2)(B). Rule 33(b)(4), regarding responses to interrogatories, states "[a]ny ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Unlike Rule 33, Rule 34 does not provide that a responding party waives an objection not timely stated. *Compare* Fed. R. Civ. P. 33(b)(4) with Fed. R. Civ. P. 34(b)(2)(C); *see also*, *Curtis v. Illumination Arts, Inc.*, No. C12-0991JLR, 2013 WL 12069048, at *2 (W.D. Wash. Feb. 20, 2013).

Nonetheless, courts addressing the issue have concluded that "the same waiver provision found in Rule 33(b)(4) applies to document requests under Rule 34." *Cargill, Inc. v. Ron Burge Trucking, Inc.*, 284 F.R.D. 421, 424 (D.Minn.2012); *see also*, *Industrial Risk Insurers v. D.C. Taylor Co.,* 2008 WL 2219932 (N.D.Iowa 2008) at *4.

ORDER GRANTING IN PART AND
DENYING IN PART DEFENDANT'S
MOTION TO COMPEL (DKT. 51) - 3

1   The Court finds that the same waiver provision found in Rule 33(b)(4) applies to document requests under Rule 34. Additionally, the Court finds good cause to excuse Homestead's one day late filing. Although the parties dispute the reasonableness of Homesite's request for an extension or the need to amend its complaint, the fact remains that Homesite requested the extension, the delay in filing was less than one day, and there is no evidence Homesite acted in bad faith or that the Howells have been prejudiced. Moreover, this is not a case where a party has not responded despite court intervention or failed entirely to respond.

Accordingly, the Court **denies** the motion to strike Homesite's objections based on timeliness.

B.   Motion to Strike General Objections

Homesite included two and one-half pages of "General Objections" and some of Homesite's responses to discovery begin with the language, "[s]ubject to and without waiving any objections" but fail to assert specific objections to the discovery request. Dkt. 51, p. 7. Homesite does not contest the motion to strike these general objections.

The Ninth Circuit long has held that "boilerplate objections or blanket refusals inserted into a response to a Rule 34 request for production of documents are insufficient to assert a privilege." *Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Court*, 408 F.3d 1142, 1149 (9th Cir. 2005); *see also Bretana v. Int'l Collection Corp.*, No. C07-05934 JF (HRL), 2008 WL 4334710, at *2, 2008 U.S. Dist. LEXIS 79334, at *3–4, (N.D. Cal. Sept. 22, 2008) ("Answers to discovery (and any grounds for objection) must be stated with specificity as to each request.... Defendants' blanket objections are inadequate." (citing Fed. R. Civ. P. 33(b)(1)(B), 33(b)(3), 34(b)(2), and 36(a)(4))).

ORDER GRANTING IN PART AND
DENYING IN PART DEFENDANT'S
MOTION TO COMPEL (DKT. 51) - 4

On this basis, the Court **overrules** Homesite's General Objections. To the extent Homesite seeks to assert an attorney client or work product privilege, it must specifically state the privilege as to each request and include documents subject to the asserted privilege in a privilege log. *See Burlington Northern & Santa Fe Ry. Co. v. U.S. Dist. Court for the Dist. of Mont.*, 408 F.3d 1142 (9th Cir.2005) ("Rule 26(b)(5) requires a responding party to expressly make a claim of privilege and describe the documents covered by the privilege…".)

C.  Specific Discovery Requests

   1.  Request for Production 1

Interrogatory 3 asked Homesite to provide the factual basis for its assertion that "Robert Howell Sr." was a named insured under the policy. Request for Production 1 asked Homesite to produce documents referring or relating to "Robert Howell Sr." by name, *i.e.*, those documents which include a designation of "Sr." Dkt. 52, Johnson Decl. Exhibit 1, p. 7. Homesite responded:

> Subject to and without waiving any objections, Homesite refers Howell Jr. to non-privileged portions of its claim file, policy documentation, and underwriting file, attached separately as HOMESITE_000001-000227, and HOMESITE_000251-267.

Dkt. 52, Johnson Decl. Exhibit 4, p. 8.

Homesite argues that because its claim and underwriting files consist of less than 250 pages, defense counsel can search through them to determine if any of the pages have "Robert Howell Sr." written on them. Dkt. 57 p. 7. Homesite also contends that it is entitled to identify its business records in response to discovery requests and may produce these records in bulk. The Court disagrees, in part.

First, Homesite did not cite any specific objections. Second, Rule 34 Civ. P. 34 requires a party producing documents to identify each item or category to which the document is responsive. Third, Homesite maintains that Robert Howell Sr. was a named insured under the

ORDER GRANTING IN PART AND
DENYING IN PART DEFENDANT'S
MOTION TO COMPEL (DKT. 51) - 5

1  policy but has not identified any documents to support this contention. If Homesite does not have
2  any documentation to support this contention, it should so state. If additional information is later
3  learned through discovery, Homesite can supplement this response. By not properly responding
4  to the request, Homesite has provided an evasive answer, which the Court deems as a failure to
5  respond. *See* Rule 37(a)(4). Thus, the Court **grants** Defendants' motion to compel a more
6  specific response to Request for Production 1.

   2.   <u>Interrogatory 8 and Request for Production 4</u>

   Interrogatory 8 asked Homesite to identify each step Homesite took to investigate or review Ms. Howells' request for property insurance from Homesite. Dkt. 52, Johnson Decl. Ex. 1, p. 11. Homesite asserted the interrogatory was vague and ambiguous because "request for property insurance coverage" was not defined. *Id.*, Johnson Decl. Ex. 4, pp. 12-14. Homesite also asserted attorney client and the work product privilege but did not identify any responsive documents on its privilege log. *Id.*, Johnson Decl., Ex. 5. Subject to those objections, Homesite responded:

> Subject to and without waiving the foregoing or any objections, Robin Howell and Howell Sr. submitted an application for homeowners' insurance through Progressive Home Advantage. The subject policy was underwritten by Homesite Insurance Company of the Midwest, and was issued and renewed annually based on representations made by Robin Howell and/or Howell Sr. In terms of coverage for the Underlying Lawsuit against Howell Jr., Homesite immediately acknowledged the claim, appointed an internal adjuster to investigate the claim, retained independent coverage counsel, issued a full reservation of rights letter to Howell Jr., and filed the instant declaratory judgment action—all in accordance with Washington law. Although it is Homesite's position that it does not owe a duty of coverage with regard to the Sierra Pacific Lawsuit, Homesite's investigation remains ongoing.

Dkt. 52-4, pp. 13-14. The Court **overrules** Homesite's objections to Interrogatory 8 as it is neither vague nor ambiguous and Homesite failed to identify any attorney client or work product protected documents responsive to this interrogatory in its privilege log. However, the Court

ORDER GRANTING IN PART AND
DENYING IN PART DEFENDANT'S
MOTION TO COMPEL (DKT. 51) - 6

finds that Homesite has provided an adequate response to Interrogatory 8 and therefore, **denies** the motion to compel.

In response to Request for Production 4, which asked for documents responsive to Interrogatory 8, Homesite offered the same objections and response as it did to Request for Production 1 and referred to its claim file. While the Court found that this practice failed to adequately provide a response to Request for Production 1 (requesting documents or the lack thereof containing Howell Sr.'s name), Request for Production 4 asks for documents relating to the insurance claim at issue. The claim file contains all pre- and post-claim correspondence with Ms. Howell regarding her claim for coverage; policy documents; a Claim Information Report; a First Notice of Loss Report; and a chart detailing correspondence with Ms. Howell and Homesite between 2012 and 2022. *See* Dkt. 58, Stewart Decl., ¶ 9. Homesite's Underwriting file comprises screenshots of Ms. Howell's and Howell Sr.'s contact information and dates of birth; policy documents; and a spreadsheet detailing the coverages provided to Ms. Howell and Howell Sr. between 2012 and 2021. *Id.*, ¶ 10.

Homesite's tender of its claim and underwriting files is an adequate response to Request for Production 4. In summary, the Court **overrules** Homesite's objections to Interrogatory 8 and Request for Production 4 and **denies** the Howells' motion to compel further responses to these requests.

3. <u>Interrogatory 9 and Request for Production 5</u>

Interrogatory 9 asks Homesite for information and documents showing that Ms. Howell did not reside at the 4848 Property at the time of the event described in the Underlying Lawsuit. Homesite responded as follows:

> Subject to and without waiving the foregoing or any objections, on some date before the 2014 – 2015 policy was issued, Robin informed Homesite that her

ORDER GRANTING IN PART AND
DENYING IN PART DEFENDANT'S
MOTION TO COMPEL (DKT. 51) - 7

1  mailing address was 3412 Crestline Place, Bellingham, Washington, 98226. In
2  July 2014, Robin Howell updated her mailing address to 205 Lincoln St., Unit B, Everson, Washington 98247.

3  Dkt. 52-4 at p. 9.

4  Homesite argues that this clearly suggests Ms. Howell was not living at the 4848 Property for certain periods during her period of coverage—despite representing in the Policies that it was her primary residence. Dkt. 34, ¶ 9; Ex. B. Howell Jr. argues that Homesite's claim is based merely on an inference it wishes to draw from a change in mailing address and not from any factual evidence.

While the parties may dispute the weight of evidence reflecting Mrs. Howell's mailing address changes and may argue whether those changes are sufficient proof of non-residency, the Court finds Homesite has adequately responded to this interrogatory. Mr. Howell is correct that Homesite is bound to its responses to discovery, but this is also subject to Homesite's right to supplement its responses. The Court **denies** the motion to compel further responses to Interrogatory 9 and Request for Production 5.

    4.    <u>Interrogatory 11</u>

In Interrogatory 11, Homesite was asked to "identify the factual basis for your contention that the Sierra Pacific Lawsuit does not allege that the Sierra Pacific property is continuing to suffer damage in 2022 as result of the Howell's activities." Homesite responded:

> Homesite objects to this Interrogatory as it mischaracterizes Homesite's pleadings. This Interrogatory is vague and ambiguous as it fails to define "damage" and "the Howell's activities." Further, the Complaint in the Sierra Pacific Lawsuit is a written document, which speaks for itself.

Dkt. 52, Johnson Decl., Ex. 4, p. 16.

Howell Jr. argues that Homesite has clearly misinterpreted the Sierra Pacific Lawsuit to exclude any "property damage" occurring after June 25, 2021, as recent filings in the Sierra

ORDER GRANTING IN PART AND
DENYING IN PART DEFENDANT'S
MOTION TO COMPEL (DKT. 51) - 8

Pacific Lawsuit shows property damage (failure of water pipeline system) occurring after that date, which is "actively invading Sierra Pacific's rights." Dkt. 52, Johnson Decl. Exhibit 7.

However, Howell Jr.'s interrogatory asks Homesite to "identify the factual basis for your contention *that the Sierra Pacific Lawsuit does not allege* that the Sierra Pacific property is continuing to suffer damage in 2022 as result of the Howell's activities." This interrogatory is confusing as it is not asking Homesite to identify the factual basis for its contention about continuing damages, but rather, the factual basis for its interpretation of what is stated in the Sierra Pacific complaint, a document which speaks for itself.

The Court **denies** the motion to compel further response to Interrogatory 11.

5.  <u>Interrogatory 18 and Request for Production 7</u>

Interrogatory 18 asks:

> In paragraph 94 of your Complaint, you allege that Robert Howell Jr. and/or Mrs. Howell engaged in fraudulent conduct relating to this insurance. Please identify with specificity:
>
> a) the specific conduct of Robert Jr. that you allege constitutes fraud; and
> b) the specific conduct of Robin Howell that you allege constitutes fraud.

Homesite answered Interrogatory 18 by referring to its answer to Interrogatory 3, which is not in dispute in this motion. In its answer to Interrogatory 3, Homesite outlines the bases for its claims that the policy was changed to add Howell Jr. as a named insured under the 2021-20122 policy only after the Sierra Pacific Lawsuit was filed. The Court finds Homesite has adequately responded to this interrogatory.

Request for Production 7 asked for "copies of any and all documents, communications, and electronic data that refer or relate to the prior Interrogatory." In response, Homesite refers Howell Jr. to its non-privileged portions of its claim file, policy documentation, and underwriting file, attached separately as HOMESITE_000001-000227, and HOMESITE_000251-267.

Howell, Jr. argues that Homesite has failed to produce documents to support its claim that the Howells engaged in fraudulent conduct. While the parties may, of course, argue about the sufficiency of Homesite's evidence, Homesite has provided the factual basis for its claim, which is an appropriate response to this request at this juncture. Therefore, the Court **denies** the motion to compel further responses to Interrogatory 18 and Request for Production 17.

   6. <u>Interrogatory 20 and Request for Production 8</u>

Interrogatory 20 asked Homesite to provide the factual basis for its contention that the Howells intentionally delayed tender of the Sierra Pacific Lawsuit. In response, Homesite referred to its Answer to Interrogatory 19, which is not in dispute in this motion, which states as follows:

> Subject to and without waiving the foregoing or any objections, the Homesite Policies require that the "insured" provide written notice to Homesite or its agent as soon as is practical for an accident or occurrence. The Policies specifically provide that the insured must promptly forward every notice, demand, summons or other process relating to the accident or occurrence—which would include [the] Sierra Pacific Lawsuit. The Sierra Pacific Lawsuit was filed on or about December 3, 2020, and—upon information and belief—Howell Jr. was served via publication in January or February 2021. Homesite did not receive notice of the Lawsuit until July 2, 2021, approximately six (6) months after Howell Jr. was served. Not only were Homesite's coverage defenses prejudiced by the delayed notice of the Sierra Pacific Lawsuit, Homesite's ability to investigate and defend the Sierra Pacific Lawsuit was also prejudiced. Moreover, the timing of the late notice—only after the 2021-2022 Policy had been amended regarding the insured property—indicates that the tender of the Lawsuit was intentionally delayed until after this change was made to the 2020-2021 Policy.

Dkt. 52-4, pp. 24-25.

Homesite argues these actions suggest potential fraud and/or misrepresentation, and breach of the Policies' provision that the Howells provide Homesite with timely notice of a claim. Dkt. 1, pp. 20-21. Homesite also represents that it responded to this Interrogatory based on the information it had at the time and should be able to supplement is answer and responses as

ORDER GRANTING IN PART AND
DENYING IN PART DEFENDANT'S
MOTION TO COMPEL (DKT. 51) - 10

discovery progresses. Howell Jr. argues that Homesite offered no factual support showing intent and if it has such evidence, it must disclose it. Howell, Jr. also objects to that Homesite merely refers to its claim file, policy documentation, and underwriting file (HOMESITE_000001-000227, and HOMESITE_000251-267) and offers no evidence of any intent by the Howells to defraud.

The Court finds that Homesite has adequately answered and responded to these discovery requests. Homesite identified those actions and documents it believes suggests potential fraud and/or misrepresentation and breach of the Howells' duty to provide timely notice of a claim, *i.e.*, the policies, the date the Sierra Pacific Lawsuit was filed, service on Howell Jr. of the lawsuit in January or February 2021, receipt of notice of Lawsuit on July 2, 2021, six months after service and after the 2021 Policy was amended regarding the insured property. The Court **denies** the motion to compel further answer to Interrogatory 20 and Request for Production 8.

Based on the foregoing, the Court **grants in part and denies in part**, Howell Jr.'s motions to strike and to compel (Dkt. 51) and **ORDERS**:

1. The motion to strike all Homesite's objections as untimely is **DENIED**.

2. The motion to strike Homesite's General Objections is **GRANTED**.

3. The motion to compel a more specific response to Request for Production 1 is **GRANTED**.

4. Homesite's objections to Interrogatory 8 and Request for Production 4 are **OVERRULED**; the motion to compel further responses to Interrogatory 8 and Request for Production 4 are **DENIED**.

5. The motion to compel further responses to Interrogatory 9 and Request for Production 5; Interrogatory 11, Interrogatory 18, Request for Production 7, Interrogatory 20, and Request for Production 8 are **DENIED**.

6. Homesite shall provide a more complete response to Request for Production 1 within ten (10) days of this Order.

DATED this 2nd day of December, 2022.

BRIAN A. TSUCHIDA
United States Magistrate Judge

ORDER GRANTING IN PART AND
DENYING IN PART DEFENDANT'S
MOTION TO COMPEL (DKT. 51) - 12