UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HOMESITE INSURANCE COMPANY OF THE MIDWEST,<br><br>                    Plaintiff,<br><br>        v.<br><br>ROBERT HOWELL, JR., ROBIN HOWELL, ROBERT HOWELL, SR, ROBERT HOWELL, JR,<br><br>                    Defendants. | CASE NO. 2:21-cv-01389-JHC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL** |

Plaintiff Homesite Insurance Company of the Midwest ("Homesite") moves pursuant to Fed. R. Civ. P. 37(a), for an order compelling Defendants Robert Howell Jr. ("Howell Jr.") and Robin Howell ("Ms. Howell") (collectively, "the Howells") to provide more complete responses to Homesite's First Interrogatories and Requests for Production ("Discovery Requests"). Homesite also asks the Court to overrule the Howells' repeated objections that Homesite has exceeded Rule 33's 25-interrogatory limit and that Homesite's requests are unduly burdensome. The motion is granted in part and denied in part, as detailed herein.

CASE BACKGROUND

This is an insurance coverage dispute involving Plaintiff's alleged duty to defend Defendant Robert Howell Jr. against claims brought in Whatcom County Superior Court. Dkt. 48 at 2. In December 2020, Sierra Pacific Land & Timber Company ("SPLT") filed a complaint to quiet title against Robert Howell Jr. ("The Sierra Pacific Lawsuit"). Dkt. 1 at 22–30. Homesite is

ORDER GRANTING IN PART AND
DENYING IN PART PLAINTIFF'S MOTION
TO COMPEL - 1

now defending Howell Jr. in the Sierra Pacific Lawsuit under a reservation of rights. Dkt. 1 at 87–101. Homesite filed this action for declaratory relief, asking the Court to declare that it has no duty to defend in the Sierra Pacific Lawsuit. See Dkt. 48. Ms. Howell and Howell Jr. filed counterclaims against Homesite for declaratory judgment, breach of contract, insurance bad faith, and violation of Washington Consumer Protection Act and Insurance Fair Conduct Act (the "Counterclaims"). Dkt. 12, 13.

Homesite sent 20 interrogatories and 6 requests for production to Ms. Howell and 22 interrogatories and 6 requests for production to Howell Jr. Homesite argues the discovery requests are relevant to its 11th and 12th causes of action for concealment or fraud and late tender of the Underlying Lawsuit. On April 28, 2022, the Howells provided responses, but produced no documents. Dkt. 50, Stewart Decl., Exs. A and B.

On May 19, 2022, Homesite's counsel wrote to the Howells' counsel, advising that "your clients' Discovery Responses do not comply with Fed. R. Civ. P. 34 as your clients did not produce a single document in response." Dkt. 50- 3, ¶ 1. Homesite requested Ms. Howell provide full and complete answers and documents to Interrogatories 6, 9, 17, and 18 and Requests for Production ("RFP") 1, 2, 4, 5, and 6; and Mr. Howell provide full and complete answers and documents to Interrogatories 3, 5, 6, 11, and 13; and RFP 1, 2, 5 and 6.

On June 24, 2022, the Howells supplemented some of their responses (Dkt. 50, Stewart Decl., Exs. F and G) but refused to respond to a number of interrogatories on the basis that Homesite had exceeded the 25-interrogatory maximum. The Howells produced only one document, a single photograph partially showing portions of a utility statement, receipt, and bank statement, with only two of them showing a date (2020). Dkt. 50, Stewart Decl., Ex. H.

ORDER GRANTING IN PART AND
DENYING IN PART PLAINTIFF'S MOTION
TO COMPEL - 2

On July 13, 2022, the Howells supplemented their answer to Interrogatory 6.

While the motion to compel was pending, the Howells moved to dismiss for lack of federal court jurisdiction. Dkt. 23. On November 14, 2022, the Court concluded that it has subject matter jurisdiction over this action. Dkt. 67.

DISCUSSION

Under Rule 26 of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1).

"Relevance for purposes of discovery is defined very broadly." *Garneau v. City of Seattle*, 147 F.3d 802, 812 (9th Cir. 1998). In response to a request for production of documents under Rule 34, a party is to produce all relevant documents in its "possession, custody, or control." Fed. R. Civ. P. 34(a)(1). The purpose of discovery is to "remove surprise from trial preparation so the parties can obtain evidence necessary to evaluate and resolve their dispute." *United States v. Chapman Univ.*, 245 F.R.D. 646, 648 (C.D. Cal. 2007) (quotation and citation omitted).

Pursuant to Rule 37, "a party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B). The court may order a party to provide further responses to an "evasive or incomplete disclosure, answer, or response." Fed. R. Civ. P. 37(a)(4). "District courts have 'broad discretion to manage discovery

1  and to control the course of litigation under Federal Rule of Civil Procedure 16.'" *Hunt v. County
2  of Orange*, 672 F.3d 606, 616 (9th Cir. 2012) (quoting *Avila v. Willits Envtl. Remediation Trust*,
3  633 F.3d 828, 833 (9th Cir. 2011)).

4  "The party seeking to compel discovery has the burden of establishing that its request
5  satisfies the relevancy requirements of Rule 26(b)(1). Thereafter, the party opposing discovery
6  has the burden of showing that the discovery should be prohibited, and the burden of clarifying,
7  explaining or supporting its objections." *Bryant v. Ochoa*, No. 07cv200 JM (PCL), 2009 WL
8  1390794, at *1 (S.D. Cal. May 14, 2009) (citations omitted).

9  A.      Motion to Overrule Objections to 25 Interrogatory Limit

10  Fed. R. Civ. P. 33(a) states that: "any party may serve upon any other party written
11  interrogatories, not exceeding 25 in number, including all discrete subparts." Federal district
12  courts "generally agree that interrogatory subparts are to be counted as one interrogatory ... if
13  they are logically or factually subsumed within and necessarily related to the primary question."
14  *Kendall v. GES Exposition Services*, 174 F.R.D. 684 (D. Nev. 1997)); cited in *Athwal v. Nijjer*,
15  No. C17-00740RSL, 2018 WL 1156233, at *3 (W.D. Wash. Mar. 5, 2018); *United Cap. Funding*
16  *Corp. v. Ericsson, Inc.*, No. C15-0194-JCC, 2015 WL 12930787, at *2 (W.D. Wash. Nov. 3,
17  2015). A subpart of an interrogatory that introduces a separate and distinct line of inquiry from
18  the one that precedes it is counted as a new interrogatory against the presumptive limit. *Kline v.*
19  *Berry*, 287 F.R.D. 75 (D.D.C. 2012); *Smith v. Cafe Asia*, 256 F.R.D. 247 (D.D.C. 2009).

20  The Howells generally objected to Homesite's interrogatories as exceeding 25 in number,
21  including discrete subparts. For example, the Howells argue if they are to provide information
22  regarding individuals with knowledge of their Counterclaims, this results in 28 separate
23  interrogatories (one for each paragraph in the Counterclaims). However, in their Initial

Disclosures, the Howells listed "the name, and if known, the address and telephone number of each individual likely to have discoverable information that Defendants may use to support their claims and defenses, identifying the subject of the information." Dkt. 56, Second Stewart Decl., Ex. 1. Logically, the Howells can provide similar information in response to one interrogatory which is logically subsumed within and necessarily related to the primary question, *i.e.*, who has knowledge of your allegations.

Similarly, Interrogatory 9 to Ms. Howell (and Interrogatory 11 to Mr. Howell Jr. as to his residential history with Ms. Howell) asked:

> If you have ever resided with defendant Robert Howell Jr. for a period of one (1) month or longer in the past fifteen (15) years, please provide those dates and the address(es) at which you resided with Robert Howell Jr.

The Howells object that this query contains multiple discrete subparts. However, the secondary inquiry – the dates and addresses of the shared residency are logically and factually subsumed within and necessarily related to the primary question – the Howells' shared residency. Similarly, in Interrogatory 13 to Howell Jr. asks:

> Describe with specificity when, how, and from whom (e.g., by process server, letter, telephone call, email, etc.) you first received notice of the Underlying Lawsuit.

The service, manner of service, and when and how of the service are logically and factually subsumed within and necessarily related to a primary question – when Mr. Howell received notice of the Underlying Lawsuit.

The Howells generally argue that several interrogatories have subparts but have not shown that a particular subpart of a particular interrogatory introduces a separate and distinct line of inquiry from the one that precedes it, and which could fairly and logically be counted as a new interrogatory against the presumptive limit. As the party opposing discovery, the Howells have

ORDER GRANTING IN PART AND
DENYING IN PART PLAINTIFF'S MOTION
TO COMPEL - 5

1  the burden of clarifying, explaining, and supporting their objections. *See*, *e.g,* Rule 26(b)(1) and

2  *Bryant*, 2009 WL 1390794, at *1. They have failed to meet that burden. Based on the foregoing,

3  the Court **overrules** the Howells' repeated objection that Homesite has exceeded Rule 33's 25-

4  interrogatory limit.

5  B.  <u>Motion to Overrule General Objection of Overly Broad/Unduly Burdensome</u>

6  The Howells objected generally to Homesite's requests for production as being "overly

7  broad, unduly burdensome, and oppressive." Dkt. 50, Stewart Decl., Ex. 2. For example, RFP 1

8  (seeking non-privilege documents in support of interrogatory answers); RFP 2 (seeking non-

9  privileged documents relevant to the allegations in the Counterclaims) and RFP 3 (seeking

10 drawings, diagrams in support of the allegations in the Counterclaims).

11 General or boilerplate objections such as "overly burdensome and harassing" are

12 improper—especially when a party fails to submit any evidentiary declarations supporting such

13 objections. *Paulsen v. Case Corp.*, 168 F.R.D. 285, 289 (C.D.Cal.1996); *see also McLeod,*

14 *Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir.1990) (objections that

15 document requests were overly broad, burdensome, oppressive, and irrelevant were insufficient

16 to meet objecting party's burden of explaining why discovery requests were objectionable);

17 *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1559 (11th Cir.1985) (conclusory

18 recitations of expense and burdensomeness are not sufficiently specific to demonstrate why

19 requested discovery is objectionable). The Howell argue that it is unfair for Homesite to point to

20 their counterclaims and ask for all documents that "relate to them." While a document request

21 seeking information "relating to" a certain subject may be overbroad or overly burdensome, *see*,

22 *e.g.*, *Cotracom Commodity Trading Co. v. Seaboard Corp.*, 189 F.R.D. 655, 665 (D.Kan.1999),

23 it is not necessarily so. *See*, *e.g.*, *United States v. Brooks*, 163 F.R.D. 601, 606 (D.Or.1995). The

Howells' boilerplate assertion that Homesite's document requests are overly burdensome and harassing merely because they seek information "relating to" a subject is without merit. The Howells put certain facts in issue when they asserted their claims and they should be able to identify and provide documents supporting their claims and/or defenses.

Based on the foregoing, the Court **overrules** the Howells' blanket objections to discovery requests being overly broad or unduly burdensome as the Howells failed to provide any factual basis for these objections. Further, the Court **grants** Homesite's motion to compel the production of all non-privileged documents in support of the Howells' answers to interrogatories (RFP 1); documents, drawings, and diagrams relevant to their Counterclaims (RFP 2 and 3); and documents relevant to damages (RFP 6). If the Howells have no responsive documents, they should so state.

C.　<u>Persons with Knowledge – Interrogatory 6</u>

Interrogatory 6 asked the Howells to identify "every person who has knowledge regarding the allegations made in your Counterclaims and provide a brief description of each person's relevant knowledge." As previously discussed, the Howells' objections to this interrogatory on the basis that it requests over 28 discrete queries and is overly broad have been overruled. The Court **grants** Homesite's motion to compel further responses to Interrogatory 6. The Howells are **ordered** to respond to this interrogatory, identifying every person with knowledge along with a brief description of each person's relevant knowledge.

D.　<u>Residential History – RFP 4 (Ms. Howell); RFP 5 (Mr. Howell)</u>

Homesite contends the Howells' residence is key to this lawsuit because "insured" is defined as "you" and residents of your household who are relatives, Ms. Howell represented she occupied the 4848 Property and that this was her primary residence for each year of coverage;

ORDER GRANTING IN PART AND
DENYING IN PART PLAINTIFF'S MOTION
TO COMPEL - 7

but it appears more than likely Ms. Howell has not occupied this property for several years. Dkt. 49, p. 10. When asked about his property ownership over the past fifteen years, Mr. Howell states that he has owned "vacant land" on Mosquito Lake Road, but provided no dates of ownership. With regard to his residential history over the past fifteen years, Mr. Howell states that he has resided at the 4890 Property and the 4848 Property, and "Bothell WA about 2007," but "cannot recall specific dates," although he claims the 4848 Property has been his "primary residence over the last fifteen years or so." Homesite asked the Howells' to produce documents proving their residency over the past fifteen years. *See* RFP 4 (Ms. Howell); RFP 5 (Mr. Howell Jr.). The Howells produced no documents and objected that these requests are overly broad and unduly burdensome because they seek every bill, bank statement, rental agreement issued to them over the past fifteen years.

The Court agrees that requiring the Howells to produce "all documents" in their possession establishing their property ownership and residential history over 15 years is overly broad. However, the Howells must provide proof of ownership of the 4848 Property and proof that this was their primary residence for the years of policy coverage. The requests ask for utility statements or other such documents "proving" their residency over that period. Homesite has also clarified that it is not seeking every bill, bank statement, and rental agreement issued over the past fifteen years but will agree to a limited number of bills during each of the fifteen years that establish the Howell's residency during that period. Dkt. 50-3, p. 4.

Based on the foregoing, the Court **grants** Homesite's motion to compel production of documents in response to RFP 4 (Ms. Howell) and RFP 5 (Mr. Howell). The Howells are **ordered** to produce two to three utility bills or other proof of residency, for each of the fifteen years that establish Ms. Howell's residency during those fifteen years. If they have no such

ORDER GRANTING IN PART AND
DENYING IN PART PLAINTIFF'S MOTION
TO COMPEL - 8

information for any particular year, they should so state.

E.     <u>Scope of Coverage Sought by Ms. Howell – RFP 5</u>

In RFP 5, Homesite asks for documents supporting Ms. Howell's allegations that she "informed Progressive and its affiliate Homesite that [she was] interested in securing property coverage for [her] entire 8.2 acre parcel…". This line of inquiry is relevant because Homesite maintains it insured only a single residential property and Ms. Howell belatedly sought to add the 4890 Property as the insured location to match the allegations against Mr. Howell Jr. in the underlying lawsuit.

Ms. Howell produced no documents response to RFP 5 and objected to being asked to "put on a dress rehearsal of the trial." *Id.*, Stewart Decl., ¶ 9. However, this discovery request seeks evidentiary facts, not ultimate facts, *i.e.*, whether Ms. Howell informed Homesite she wanted the entire parcel insured. *See*, *e.g.*, *Moore v. Pac. Northwest Bell*, 34 Wash.App. 448, 456 (1983) (characterizing whether defendant acted negligently as an ultimate fact and whether defendant was instructed to take the action that formed the basis for the negligence lawsuit as an evidentiary fact).

Thus, the Court **grants** the motion to compel the production of documents requested in RFP 5. If Ms. Howell has no such information, she should so state.

F.     <u>RFP 6 – Ms. Howell and Mr. Howell</u>

In this request, Homesite asked the Howells to produce written communications between themselves and anyone else, including each other, and other written documents prepared concerning their counterclaims, damages caused by Homesite, and Homesite's handling of the insurance claim. The Howells objected to this request as overly broad and invasive of attorney client privilege and work product doctrine and produced no documents in response.

The Court previously overruled the Howells' general objections to the discovery requests as overly broad, unduly burdensome, "catch all" inquiries. Additionally, concerns about the attorney client privilege or work product doctrine may be alleviated by designating any such documents in a privilege log. The Court **grants** the motion to compel a response to RFP 6. The Howells are ordered to produce all non-privileged documents responsive to this request.

F. <u>Interrogatories 10 and 11 (Mrs. Howell); Interrogatories 19-23 (Ms. Howell); Interrogatories 17-20 (Mr. Howell)</u>

The Howells contend that these discovery requests were never part of a meet and confer between the parties. Dkt. 53, p. 70. The Court has overruled the Howells' objections that these interrogatories exceed Rule 33's 25-interrogatory limit and are unduly burdensome. To the extent these rulings impact the Howells' answers to these interrogatories, they must promptly supplement their answers. However, as these discovery requests do not appear to have been included in the parties' discovery conferences, Homesite's motion to compel further responses to these interrogatories is **denied**.

Accordingly, Homesite's motion to compel (Dkt. 49) is **granted in part and denied in part**, as detailed herein. The Court **ORDERS**:

1. The Howells' repeated objections that Homesite has exceeded Rule 33's 25-interrogatory limit and that Homesite's discovery requests are overly broad or unduly burdensome are **overruled**. The Howells shall supplement their responses to all interrogatories as necessary.

2. Homesite's motion to compel production of all non-privileged documents in support of the Howells' answers to interrogatories (RFP 1); documents, drawings, and diagrams relevant to their Counterclaims (RFP 2 and 3); and documents relevant to damages (RFP 6) is **granted**.

3. Homesite's motion to compel further responses to Interrogatory 6 is **granted**; the Howells are ordered to identify all persons with knowledge and describe each person's relevant knowledge.

ORDER GRANTING IN PART AND
DENYING IN PART PLAINTIFF'S MOTION
TO COMPEL - 10

4. Homesite's motion to compel production of documents in response to RFP 4 (Ms. Howell) and RFP 5 (Mr. Howell) is **granted**; the Howells are ordered to produce two to three bills for each of the fifteen years that establish Ms. Howell's residency at the 4848 Property for the past fifteen years.

5. Homesite's motion to compel the production of documents requested in RFP 5 is **granted**. Ms. Howell is ordered to produce all non-privileged documents responsive to this request.

6. Homesite's motion to compel a response to RFP 6 is **granted**. Ms. Howell is ordered to produce all non-privileged documents responsive to this request.

7. Homesite's motion to compel further responses to Interrogatories 10 and 11 (Mrs. Howell); Interrogatories 19-23 (Ms. Howell); Interrogatories 17-20 (Mr. Howell) is **denied**.

8. The Howells shall submit all supplemental responses and documents consistent with this Order within **ten days** of this Order.

DATED this 13th day of December, 2022.

BRIAN A. TSUCHIDA
United States Magistrate Judge