UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HOMESITE INSURANCE COMPANY OF THE MIDWEST, a Wisconsin corporation, <br><br> Plaintiff, <br><br> v. <br><br> ROBERT HOWELL, JR., a single individual, ROBIN HOWELL, a single individual, and ROBERT HOWELL, SR., a single individual, <br><br> Defendants. | CASE NO. 2:21-cv-01389-JHC <br><br> ORDER |

# I
## INTRODUCTION

This matter comes before the Court on Plaintiff's Motion to Stay. Dkt. # 120. The Court has reviewed the materials filed in support of, and in opposition to, the motion; the rest of the file; and the governing law. For the reasons discussed below, the Court DENIES the motion.

# II
## BACKGROUND

Homesite Insurance Company of the Midwest brought this coverage suit against their insureds, Robert Howell, Jr. and Robin Howell (Howells), in connection with a state court

ORDER - 1

lawsuit (Underlying Lawsuit) brought by Sierra Pacific Land & Timber Company (SPLT) against Robert Howell, Jr. *See* Dkt. # 48 at 12–20. The First Amended Complaint seeks a declaratory judgment on various issues, which relief, if granted, would mean that the Howells' insurance policy does not cover all or part of the Underlying Lawsuit. *Id.* The Howells brought counterclaims, seeking a declaratory judgment that Homesite has a duty to defend in the Underlying Lawsuit; and claiming (1) breach of contract for failure to pay "costs and expenses related the defense of the" Underlying Lawsuit; (2) breach of the Insurance Fair Conduct Act; (3) violation of the Consumer Protection Act, RCW 19.86; and (4) that Homesite acted in bad faith by bringing this lawsuit. Dkt. # 76 at 18–21; Dkt. # 77 at 19–22.

In an Order on the parties' cross motions for partial summary judgment, the Court denied Homesite's motion and granted Defendant's motion, determining that Homesite owed a duty to defend the Howells. Dkt. # 113 at 23. The Court deferred ruling on "whether the Howells fraudulently concealed or misrepresented material facts, and whether late tender prejudiced Homesite." *Id.* (citing Fed. R. Civ. P. 56(d)). The Court said that "it cannot find at this stage in the litigation that there is no duty to indemnify." Dkt. # 113 at 16.

The Court noted that "[i]f Homesite wishes to litigate its duty to indemnify, it may do so after the Underlying Lawsuit has concluded." *Id.* Homesite now argues that, based on this observation, the Court should exercise its discretion to stay this case pending final resolution of the Underlying Lawsuit. Dkt. # 120 at 2.

### III
#### Discussion

"A district court has discretionary power to stay proceedings in its own court under *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)." *Lockyer v. Mirant Corp.*, 398 F.3d

ORDER - 2

1098, 1109 (9th Cir. 2005); see *MS Amlin Corp. Member, Ltd. v. Bottini*, No. 20CV687-GPC(LL), 2020 WL 5966612, at *3 (S.D. Cal. Oct. 8, 2020) (applying the *Landis* standard in insurance cases when an insurer seeks declaratory judgment in federal court on its obligations to defend and indemnify its insured in an ongoing state court action).  In determining whether to grant a stay, a court must weigh "the competing interests which will be affected by the granting or refusal to grant a stay." *Lockyer*, 398 F.3d at 1110 (quoting *CMAX, Inc. v. Hall,* 300 F.2d 265 (9th Cir. 1962)).  The Court considers (1) "the possible damage which may result from the granting of a stay," (2) "the hardship or inequity which a party may suffer in being required to go forward," and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Id.*  "[T]he suppliant for a stay must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one else." *Landis*, 299 U.S. at 255.

The equities support denying Homesite's motion to stay.

First, Homesite says that a stay would not prejudice the Howells because Robert Howell Jr. is "benefiting from Homesite funding his ongoing defense in the Underlying Lawsuit through its conclusion." Dkt. # 120 at 5.  The Howells counter that a stay would harm them.  Dkt. # 122 at 3.  However, the bulk of the Howells' argument focuses on irrelevant harms.  The Howells say that their property lacks running water and electricity because of the Underlying Lawsuit.  *Id.* at 11–12.  But resolution of this insurance coverage case will not have a direct impact on the Howells' ability to use the easement at issue in the Underlying Lawsuit.  On the other hand, the Howells persuasively argue that delaying discovery on their bad-faith claim against Homesite prejudices them.  *Id.* at 10.  Further, a stay would delay adjudication of the counterclaims, as well

ORDER - 3

as the claims on which the Court deferred in its Order granting partial summary judgment (which claims ultimately go to coverage). *See* Dkt. # 113. Thus, the Howells would suffer some harm from a stay and this factor weighs, to some extent, in their favor.

Second, Homesite says that there is "inevitable overlap between the facts and witnesses" in both cases. Dkt. # 120 at 2. But "[t]he burden of simultaneous litigation is not generally relevant to a *Landis* analysis." *Arris Sols., Inc. v. Sony Interactive Ent. LLC*, No. 5:17-CV-01098-EJD, 2017 WL 4536415, at *2 (N.D. Cal. Oct. 10, 2017). If discovery in the two cases overlaps, the Court sees no reason why the parties cannot coordinate the discovery efforts between the two cases. Homesite has not met its burden to "make out a clear case of hardship or inequity" if the two cases are allowed to go forward simultaneously. *Landis*, 299 U.S. at 255. This factor weighs in favor of denying a stay.

Third, Homesite says that a stay would promote judicial economy because this lawsuit and the Underlying Lawsuit "stem from the same set of facts and issues." Dkt. # 120 at 4. While there is some overlap, much of the factual and legal questions here are not at issue in the Underlying Suit. *See* Dkt. # 122 at 10. Waiting for the Underlying Lawsuit to resolve would not necessarily lessen or complicate the analysis that this Court must undertake in this case. *See Am. States Ins. Co. v. Kearns*, 15 F.3d 142, 145 (9th Cir. 1994) ("[T]here is no per se rule against the district court exercising its jurisdiction to resolve an insurance coverage dispute when the underlying liability suit is pending in state court."). And there is no judicial economy in bifurcating this case. The third factor supports denying a stay.

ORDER - 4

## IV
### Conclusion

Given the foregoing the Court determines that the interests weigh in favor of denying a stay. Thus, the Court DENIES the motion.

Dated this 31st day of May, 2024.

John H. Chun
United States District Judge

ORDER - 5