UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HOMESITE INSURANCE COMPANY OF THE MIDWEST, a Wisconsin corporation, Plaintiff, | CASE NO. 2:21-cv-01389-JHC |
| v. | ORDER |
| ROBERT HOWELL, JR., a single individual, ROBIN HOWELL, a single individual, and ROBERT HOWELL, SR., a single individual, Defendants. | |

# I

## INTRODUCTION

This matter comes before the Court on Defendants' Third Motion for Partial Summary Judgment. Dkt. # 114. Defendants seek summary judgment on: (1) pre-tender defense costs; (2) prejudgment interest on the pre-tender defense costs; and (3) attorney fees. *Id.* at 2. The Court has reviewed the materials filed in support of, and in opposition to, the motion; the rest of the file; and the governing law. For the reasons discussed below, the Court GRANTS in part and DENIES in part the motion.

## II

### BACKGROUND

Homesite Insurance Company of the Midwest brought this coverage suit against their insureds, Robert Howell, Jr. and Robin Howell (Howells), in connection with a state court lawsuit (Underlying Lawsuit) brought by Sierra Pacific Land & Timber Company (SPLT) against Robert Howell, Jr.  *See* Dkt. # 48 at 12–20.  SPLT filed the Underlying Lawsuit on December 3, 2020, in Whatcom County Superior Court.  Dkt. # 97-1 at 2.  The Howells tendered the claim to Homesite on July 2, 2021.  Dkt. # 85 at 2.

Before tendering the claim, the Howells hired Joseph Rehberger, a partner at Cascadia Law Group, to represent them in the Underlying Lawsuit.  Dkt. # 115-6 at 2–3.  Mr. Rehberger worked on the Underlying Lawsuit from January 15, 2021, to August 6, 2021, and the Howells paid Cascadia $14,000.  Dkt. # 115-6 at 3.

Mr. Rehberger's standard hourly rate was $465 and his colleague, Tom McDonald, who also worked on the case, had a standard hourly rate of $550.  *Id.*  For both lawyers, the firm charged the Howells a discounted hourly rate of $400.  *Id.*  Homesite is now paying different counsel to defend the Howells in the Underlying Lawsuit under a reservation of rights.  Dkt. # 97-1 at 2.

In their Second Motion for Partial Summary Judgment, the Howells sought to recover their pre-tender defense costs.  Dkt. # 84 at 12.  Homesite responded that it "agreed to reimburse Howell Jr. for his reasonable pre-tender defense fees, but his counsel has repeatedly refused to provide supporting invoices."  Dkt. # 94 at 3.  In an order granting the Howells' Second Motion for Partial Summary Judgment, the Court ordered the parties to meet and confer about the pre-tender defense fees.  Dkt. # 113 at 22.  The Court said, "[i]f the parties cannot come to a resolution on this cause of action, the Howells may seek relief from the Court."  *Id.*

This issue is now before the Court again.  The parties met and conferred on January 3, 2024, but did not resolve the amount of pre-tender fees owed by Homesite.  Dkt. # 15 at 8.

The Howells argue that they paid Cascadia $14,000 to defend in the Underlying Lawsuit. Dkt. # 114 at 2.  Homesite counters that the proof relating to such fees provided by the Howells lacks enough detail to show whether the fees were "reasonable."  Dkt. # 116 at 7.  Homesite asked to review the invoices from Cascadia, but the Howells refused to produce them on attorney-client privilege grounds.  Dkt. # 115-4 at 2.  As a compromise, Homesite proposed:

> In order to determine the reasonableness of the fees, Homesite will need to know the basis of the $14,000 claimed. However, if you maintain your position that Homesite should not be allowed to review these invoices, perhaps Mr. Howell, Jr. is willing to provide a declaration from his former counsel, Joseph Rehberger, that describes the rate(s) and broad nature of the work performed in defending Mr. Howell, Jr., and the time Mr. Rehberger took to perform categories of tasks. This might be an appropriate middle-ground to avoid court intervention and expedite reimbursement. Alternatively, please advise whether Mr. Howell, Jr. is willing to consider the invoices being submitted under a stipulated protective order or confidentiality agreement. We are happy to confer further on this issue and trust we can work together to expedite resolution.

Dkt. # 115-5 at 3.  The Howells obtained a declaration from Rehberger, which says:

> I have reviewed the time records, specific billing entries, and invoices documenting legal services provided by myself and Cascadia Law Group to Robert Howell, Jr. in defense of the claims asserted in the case captioned as Sierra Pacific Land & Timber Company v. Howell, Whatcom County Superior Court Case No. 20-2-01247-37 (the "Lawsuit"). Attorneys working on this matter kept and recorded contemporaneous time records noting the legal services provided. These time records reflect billing entries between January 15, 2021, and August 6, 2021. A summary tabulation of the same is attached as Exhibit A.
>
> During the period of our firm's representation of Mr. Howell, Mr. Howell was invoiced and paid $14,000.00 in legal fees. On review of our firm's time records, specific billing entries, and invoices, of the 41.75 total hours recorded and reflected in Exhibit A, 38.75 hours were related to defense of Mr. Howell in the Lawsuit (with three (3) hours of time being unrelated to defense of the Lawsuit). This time spent in defense of the Lawsuit included client conferences, review of the complaint and claims, a site visit, document review, preparation and filing of an answer, conferences with opposing counsel, and investigation and discovery

work. Of the 38.75 hours recorded in defense of the Lawsuit, the invoices reflect four entries totaling a combined one (1) hour of time reflected as NO CHARGE. Accordingly, of the 38.75 hours recorded in defense of the Lawsuit, 37.75 were recorded as billable hours for a total fee of $15,100.00. Upon review of the specific billing entries and invoices, an additional three (3) hours of time was recorded as billable hours not related to defense of the Lawsuit, reflecting an additional fee amount of $1,200.00. Combined, these amounts total $16,300.00. As reflected in Exhibit A, our firm provided discounts on the total invoiced amounts in the combined amount of $2,300.00.

Dkt. # 115-6 at 3-4.

### III

#### SUMMARY JUDGMENT STANDARDS

Summary judgment is warranted if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make an adequate showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985). There is no genuine issue of fact for trial when the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt"); Fed. R. Civ. P. 56(e). Underlying facts are viewed in the light most favorable to the non-moving party. *Matsushita*, 475 U.S. at 587.

### IV

#### DISCUSSION

A.      Pre-tender defense costs

When an insurer has a duty to defend, the "insured can recover pretender fees and costs except where a late tender prejudiced the insurer." *Nat'l Sur. Corp. v. Immunex Corp.*, 176 Wash. 2d 872, 889, 297 P.3d 688, 696 (2013). "[T]o establish prejudice an 'insurer must prove

that an insured's breach of a notice provision had an identifiable and material detrimental effect on its ability to defend its interests.'" *Id.* at 890, 297 P.3d at 696 (quoting *Mut. of Enumclaw Ins. Co. v. USF Ins. Co.*, 164 Wash. 2d 411, 430, 191 P.3d 866, 878 (2008)).  Further, "Washington courts 'reject speculation, and require evidence of concrete detriment resulting from delay, together with some specific harm to the insurer caused thereby.'"  *Goodstein v. Cont'l Cas. Co.*, 509 F.3d 1042, 1058 (9th Cir. 2007) (quoting *Canron, Inc. v. Fed. Ins. Co.,* 82 Wash. App. 480, 918 P.2d 937, 941 (1996)).  The insurer bears the burden of proving prejudice.  *Mut. of Enumclaw Ins. Co. v. USF Ins. Co.*, 164 Wash. 2d at 430, 191 P.3d at 878.

"If the insurer claims that its own counsel would have defended differently, it must show that its participation would have materially affected the outcome, either as to liability or the amount of damages.  If the insurer claims that it was deprived of the ability to investigate, it must show that the kind of evidence that was lost would have been material to its defense." *Id.*; *see also Griffin v. Allstate Ins. Co.*, 108 Wash. App. 133, 141, 29 P.3d 777, 782 (2001) ("Prejudice to the insurer may follow from an insured's retention of counsel who may charge higher rates or fail to pursue appropriate strategies.").[1]

The Court has determined that Homesite has a duty to defend the Howells in the Underlying Lawsuit.  Dkt. # 113.  Homesite concedes that it owes pre-tender costs but says there are questions of fact as to whether $14,000 is *reasonable*.  Dkt. # 116 at 7.  It says that there are questions as to (1) whether the fees "were reasonably related to the defense of covered claims";

---

[1] The reasonableness of the pre-tender defense costs fees is part of the prejudice analysis. Washington courts have determined that insurers must pay reasonable pre-tender defense expenses. *Griffin v. Allstate Ins. Co.*, 108 Wash. App. at 142, 29 P.3d at 783.  "[T]he insurer's obligation to pay for pre-notice expenses depends not on whether the insurer was unable to formulate an adequate defense, but whether it was reasonable under the circumstances for the insured to have incurred the expenses, whether the expenses were reasonable, and whether the expenses materially exceeded that which the insurer would have likely incurred if notice had been given earlier.  Under this analysis, if the expenses are reasonable, then the insurer must normally cover or reimburse such costs to the insured."  1 Robert P. Redemann & Michael F. Smith, LAW AND PRAC. OF INS. COVERAGE LITIG. § 4:20 (2023).

1    (2) whether the attorney's rate was reasonable; and (3) "whether [Mr. Rehberger] pursued

2    appropriate strategies that were directly related to Howell Jr.'s defense." *Id.*

3         However, Homesite has not identified any genuine disputes of material facts regarding

4    whether it was prejudiced by the late tender such that the pre-tender defense costs are

5    unreasonable.  As to the first issue, Homesite argues that the legal fees could have been related to

6    an unrelated criminal charge against Howell Jr. in 2021.  Dkt. # 116 at 7.  But this is a

7    speculative argument not based on any evidence, and it is contradicted by the facts in the record.

8    First, Mr. Rehberger declared that he worked only on the Underlying Lawsuit.  Second, neither

9    Mr. Rehberger nor anyone else at his law firm is counsel of record for the criminal matter.  *See*

10   *USA v. Howell*, 2:21-mj-00434-MLP.  Therefore, there is no material dispute of fact on whether

11   the $14,000 that the Howells paid Cascadia were related to the defense of the Underlying

12   Lawsuit.

13        As to the issue of the reasonableness of the fees, Homesite has shown no prejudice due to

14   Mr. Rehberger's hourly rate or litigation strategy.  Homesite speculates that there are issues of

15   fact as to "whether [Mr. Rehberger's] rate was reasonable" and "whether [Mr. Rehberger]

16   pursued appropriate strategies that were directly related to Howell Jr.'s defense." Dkt. # 116 at

17   7.  But this is the end of Homesite's argument.  It does not argue that the rate or the litigation

18   strategy were unreasonable.  And it does not point to any other facts that it does not currently

19   have access to that could show that the litigation strategy or the hourly rate was unreasonable.[2]

20

21

22

23   _____

     [2] In their meet and confer, the parties disagreed about whether the itemized billing statement from Cascadia
24   is covered by the attorney-client privilege.  Dkt. # 115.  But the parties did not brief or argue this issue, so the Court
     does not address it.

1    B.    Prejudgment Interest

2        The Howells ask for prejudgment interest on the pre-tender fees.  Dkt. # 114 at 9.

3    Washington law governs a request for prejudgment interest.  *Lund v. Albrecht,* 936 F.2d 459, 464

4    (9th Cir.1991).

5        "Prejudgment interest is available '(1) when an amount claimed is "liquidated" or (2)

6    when the amount of an "unliquidated" claim is for an amount due upon a specific contract for the

7    payment of money and the amount due is determinable by computation with reference to a fixed

8    standard contained in the contract, without reliance on opinion or discretion.'"  *Rekhter v. State,*

9    *Dep't of Soc. & Health Servs.*, 180 Wash. 2d 102, 124, 323 P.3d 1036, 1047 (2014) (quoting

10   *Prier v. Refrigeration Eng'g Co.,* 74 Wash.2d 25, 32, 442 P.2d 621 (1968)).  "A claim is

11   liquidated 'where the evidence furnishes data which, if believed, makes it possible to compute

12   the amount with *exactness,* without reliance on opinion or discretion.'"  *Id.*  (emphasis in

13   original).

14       The parties disagree about whether pre-tender fees are liquidated or unliquidated.  Fees

15   subject to a reasonableness analysis, such as attorney fees, are "unliquidated."  *See Flint v. Hart*,

16   82 Wash. App. 209, 226, 917 P.2d 590, 599 (1996).  This rule has been applied to the recovery

17   of defense costs after a breach of the duty to defend, *see Jaco Env't, Inc. v. Am. Int'l Specialty*

18   *Lines Ins. Co.*, No. 2:09-CV-0145JLR, 2009 WL 1591340, at *9 (W.D. Wash. May 19, 2009),

19   and to the recovery of defense costs after a breach of an indemnification provision of a contract,

20   *see Tri-M Erectors, Inc. v. Donald M. Drake Co.,* 27 Wash. App. 529, 537, 618 P.2d 1341, 1346

21   (1980).  In *Flint*, the court held that "[t]o the extent the [] award for legal and related expenses

22   concerns 'reasonable' attorney fees, the award is unliquidated and the award of prejudgment

23   interest was improper. The costs included in the award, however, are liquidated."  82 Wash. App.

24   at 226, 917 P.2d at 599.  But the court determined that prejudgment interest was proper for an

ORDER - 7

award of attorney fees when the defendant did not challenge the reasonableness of the fees. *Id.*; *see also Taylor v. Shigaki*, 84 Wash. App. 723, 732, 930 P.2d 340, 345 (1997) (upholding an award of prejudgment interest on attorney fees where the "dispute was over which of two contractual payment clauses to apply" and the amount could be computed without the court's discretion).

The Howells contend that because the pre-tender defense costs are contractual, and different from attorney fees, they are liquidated. Dkt. # 114 at 9–10. Indeed, pre-tender defense costs arise out of the insurer's contractual duty to defend. *See Nat'l Sur. Corp. v. Immunex Corp.*, 176 Wash. 2d at 889, 297 P.3d at 696 ("'The scope of a duty, however, is defined not by its breach, but by the contract.' Accordingly, an insured can recover pretender fees and costs except where a late tender prejudiced the insurer." (quoting *Griffin v. Allstate Ins. Co.*, 108 Wash. App. at 141, 29 P.3d at 782)). But pre-tender defense costs are subject to a reasonableness analysis; therefore, they are unliquidated. *See Griffin v. Allstate Ins. Co.*, 108 Wash. App. at 142, 29 P.3d at 783 (holding that Allstate must pay "reasonable pre-tender defense expenses" because they did not show prejudice from late tender). Therefore, prejudgment interest is unavailable here. The Court DENIES the Howells' motion for summary judgment on this issue.

C.    Attorney Fees

The Howells seek attorney fees under *Olympic Steamship Co. v. Centennial Insurance Co.*, 117 Wash. 2d 37, 52, 811 P.2d 673, 681 (1991). Under *Olympic Steamship*, "an award of fees is required in any legal action where the insurer compels the insured to assume the burden of legal action, to obtain the full benefit of his insurance contract, regardless of whether the insurer's duty to defend is at issue." 117 Wash. 2d at 53, 811 P.2d at 681.

The Howells seek attorney fees for some claims on which the Court has granted summary judgment.  But the issue of attorney fees is premature at this stage of litigation as multiple issues are still pending before the Court.  Thus, the Court DENIES the Howells' motion for attorney fees without prejudice.

## IV

### CONCLUSION

For the above stated reasons, the Court GRANTS in part and DENIES in part the Howells Third Motion for Partial Summary Judgment.  Homesite is ORDERED to reimburse the Howells for the reasonable pre-tender defense fees of $14,000.

Dated this 6th day of June, 2024.

John H. Chun
United States District Judge