1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HOMESITE INSURANCE COMPANY OF THE MIDWEST, a Wisconsin corporation,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT HOWELL, JR., a single individual, ROBIN HOWELL, a single individual,,<br><br>Defendants. | CASE NO. 2:21-cv-01389-JHC<br><br>ORDER |

**I**

**INTRODUCTION**

This matter comes before the court on Robert Howell, Jr. and Robin Howell's (Howells) Fourth Motion for Partial Summary Judgment. Dkt. # 136. The Howells seek summary judgment on Homesite Insurance Company of the Midwest's claim that there is no coverage under the insurance contract at issue because the Howells engaged in misrepresentation, concealment, and fraud. *Id.* at 5. The Howells also seek summary judgment on attorney fees for the duty to defend. *Id.* at 12. The Court has reviewed the materials filed in support of, and in

ORDER - 1

opposition to, the motion; the rest of the file; and the governing law.  For the reasons discussed below, the Court GRANTS in part and DENIES in part the motion.

## II
### BACKGROUND[1]

Homesite brought this coverage suit against their insureds, the Howells, in connection with a state court lawsuit (Underlying Lawsuit) brought by Sierra Pacific Land & Timber Company (SPLT) against Robert Howell, Jr.  *See* Dkt. # 48 at 12–20.

Homesite is defending Robert Howell Jr. in the Underlying Lawsuit under a reservation of rights.  *Id.* at 12.  In the Amended Complaint, Homesite sought a declaratory judgment that it no longer owes a duty to defend or to provide indemnity coverage under the 2020-2021 insurance policy.  *Id.* at 13–20.  The Howells assert counterclaims against Homesite for breach of contract, insurance bad faith, and violations of the Washington Consumer Protection Act (CPA) and Insurance Fair Conduct Act (IFCA).  Dkt. # 76.  In a prior order, the Court denied Homesite's motion for summary judgment regarding whether the insurance policy covers the Underlying Lawsuit.  Dkt. # 113 at 8.  The Court granted in part the Howells' motion for summary judgment, determining that Homesite has a duty to defend the Howells in the Underlying Lawsuit.  *Id.* at 21.  The Court deferred ruling on the issues of misrepresentation, concealment, and fraud.  *Id.*

The Howells later moved for partial summary judgment regarding pretender defense costs, prejudgment interest, and attorney fees.  Dkt. # 114.  The Court granted the motion as to

---

[1] More details regarding the background of this case can be found in the Orders at Dkt. ## 113 and 128.

the pretender defense costs and denied the motion as to prejudgment interest.  Dkt. # 128 at 6–8.

As to attorney fees, the court deferred on ruling on the issue.  *Id.* at 9.

The Howells now seek summary judgment on misrepresentation, concealment, and fraud, and attorney fees.  Dkt. # 136.

### III
#### DISCUSSION

A.    Summary Judgment Standards

Summary judgment is warranted if the movant shows that there is no genuine dispute of any material fact and the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make an adequate showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985).  There is no genuine issue of fact for trial when the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt"); Fed. R. Civ. P. 56(e).  Underlying facts are viewed in the light most favorable to the non-moving party.  *Matsushita*, 475 U.S. at 587.

B.    Misrepresentation, Concealment, and Fraud

Homesite alleges that it does not owe coverage under the 2020-2021 Policy because the Howells "concealed material information from Homesite and took fraudulent action to subsequently alter coverage under the policies after the Underlying Lawsuit was filed."  Dkt. # 48 at 19.  Homesite alleges that the Howells engaged in fraud, misrepresentation, and

concealment regarding: (1) "who occupied the 'insured location' and when;" (2) "the actual property being insured, whether it was the 4848 Property or the 4890 Property;" and (3) "[l]ack of notification to Homesite of the pending Underlying Lawsuit in June 2021 when amendments to the 2021-2022 Policy were made." Dkt. # 48 at 19.  The 2020-2021 Policy provides that there is no coverage if the insured: "(1) Intentionally concealed or misrepresented any material fact or circumstance; or (2) Engaged in fraudulent conduct." Dkt. # 80-4 at 26.

To establish misrepresentation, concealment, or fraud, the insurance company must show that the insured (1) intentionally (2) misrepresented or concealed (3) a material fact.  *Ki Sin Kim v. Allstate Ins. Co.*, 153 Wash. App. 339, 355, 223 P.3d 1180, 1189 (2009), *as amended* (Jan. 6, 2010) ("In order to avoid liability based on a material misrepresentation, the insurance company must demonstrate that the insured knowingly made the untrue representations and that, in making those representations, the applicant intended to deceive the company.").  The insurance company bears the burden of proving the three elements of misrepresentation, concealment, and fraud claims through "clear, cogent, and convincing evidence." *Queen City Farms, Inc. v. Cent. Nat. Ins. Co. of Omaha*, 126 Wash. 2d 50, 97, 882 P.2d 703, 728 (1994), *as amended* (Sept. 29, 1994), *as clarified on denial of reconsideration* (Mar. 22, 1995).  "A representation made in conjunction with an insurance policy application or negotiation is material if the representation influenced the insurance company's decision to issue the coverage." *Cutter & Buck, Inc. v. Genesis Ins. Co.*, 306 F. Supp. 2d 988, 1003 (W.D. Wash. 2004) (citing *Queen City Farms*, 126 Wash.2d at 100).  "[W]hen an insurer asks no information in regard to a certain matter, it is a fair assumption that it regards the matter as immaterial." *Id.* (quoting *Uslife Credit Life Ins. Co. v. McAfee,* 29 Wash. App. 574, 577, 630 P.2d 450, 453 (1981)).  "[M]ateriality is 'generally a mixed question of law and fact,'" but it may be decided on summary judgment as a matter of law

"if reasonable minds could not differ on the question." *Reverse Now VII, LLC v. Oregon Mut. Ins. Co.*, 341 F. Supp. 3d 1233, 1237 (W.D. Wash. 2018) (quoting *Onyon v. Truck Ins. Exch.*, 859 F. Supp. 1338, 1341 (W.D. Wash. 1994)). Intent is generally a question of fact. *Cutter & Buck, Inc.*, 306 F. Supp. 2d at 1004.

The Howells argue that the Court should grant summary judgment on this claim because Homesite has not shown that the Howells concealed any information, which is an essential element of the claim. Dkt. # 136 at 5 (citing *Celotex Corp.*, 477 U.S. at 323). Homesite counters that it demonstrated concealment because the policy asked the Howells to disclose any pending lawsuits, and they failed to do so when they contacted Homesite to renew the policy in 2021. Dkt. # 138 at 11. Homesite says that summary judgment is not appropriate for this claim because intent is a factual question for the jury. *Id.* at 6.

The Howells also argue that the Court should grant summary judgment on Homesite's misrepresentation and fraud argument because the undisputed facts demonstrate that the Howells actions were not misrepresentations, and that the alleged misrepresentations were not material. Dkt. # 136 at 9–10.

  1.  Concealment

In arguing against the concealment theory, the Howells say that Homesite never requested the allegedly concealed information. Dkt. # 136 at 6. Homesite responds that it requested the concealed information about the Underlying Lawsuit, pointing to the provision of its 2020-2021 insurance policy that required the insured to disclose any pending lawsuits "promptly." Dkt. # 138 at 10. The 2020–2021 Policy says:

> In case of an accident or occurrence, the insured will perform the following duties that apply. You will help us by seeing that these duties are performed:

ORDER - 5

a. Give written notice to us or our agent as soon as is practical, which sets forth:

(1) The identity of the policy and insured;

(2) Reasonably available information on the time, place and circumstances of the accident or occurrence; and

(3) Names and addresses of any claimants and witnesses;

b. Promptly forward to us every notice, demand, summons or other process relating to the accident or occurrence.

Dkt. # 80-4 at 25.  The Howells agree that the insurance policy required prompt disclosure of pending lawsuits.  Dkt. # 144 at 3.  And the Howells do not dispute that Robin Howell did not disclose the Underlying Lawsuit in her June 25, 2021, phone call with Homesite.

Thus, there are genuine issues of material fact as to whether the Howells intentionally concealed information regarding the Underlying Lawsuit when Robin Howell changed the insurance contract in 2021.[2]

2.    Misrepresentation and fraud

Homesite says that the factual discrepancies in the property description in the insurance policy and the timing of Robin Howell's request to alter the insurance policy "strongly indicate intentional misrepresentation."  Dkt. # 138 at 7.[3]

_____

[2] While the evidence that Robin Howell changed the property address in the policy and added Robert Howell Jr.'s name to the policy may potentially be used at trial to paint the picture of a fraudulent scheme, these changes do not rise to the level of concealment because Homesite did not ask the Howells about any related undisclosed information.

[3] Homesite also takes issue with the amount of land on which the insured residence is located. Dkt. # 138 at 8.  Homesite says "[a]t all relevant times, and *based on the Howells' own representations*, Homesite was under the impression it was insuring a single 700 square-foot residence – not an 8.2-acre parcel (more than 500 times larger than the residence) comprising two residences."  *Id.* at 9 (emphasis in original).  Homesite says that because the Howells did not disclose that the insured location was on 8.2 acres, they misrepresented the property.  *Id.*  But no evidence in the record shows that the Howells represented the size of the parcel of land or that Homesite asked about it.  The insured could not have misrepresented or concealed information in applying for an insurance policy that the insurance company never asked for in the first place.  *See, e.g.*, *Duncan v. State Farm Mut. Auto. Ins. Co.*, 494 F. Supp. 3d

Under the policy, the "insured location" includes the "residence premises." Dkt. # 80-4 at 6. The policy defines "residence premises" as "a. The one family dwelling, other structures, and grounds; or b. That part of any other building; where you reside and which is shown as the residence premises in the Declarations." *Id.* at 7. The declaration attached to the 2020-2021 policy describes the "insured location" as 4848 Mosquito Lake Road and the "description of the dwelling" as "1982 Logs, Single family home, Primary residence, 1000ft. or less from hydrant, within 5 miles from fire station." *Id.* at 3. Based on information provided by the Howells, Homesite's internal system describes the "property" as a 700-square-foot log cabin built in 1982. Dkt. # 81-2 at 2 (SEALED). On June 25, 2021, Robin Howell changed the address on the policy from 4848 Mosquito Lake Road to 4890 Mosquito Lake Road, but she did not change the "property" description. Dkt. # 81-4 at 2. Homesite says that the fact that the addressed changed, but the property description did not, is evidence of misrepresentation. Dkt. # 138 at 8.

Homesite also points to statements that Robin Howell made during this lawsuit about the 4848 Mosquito Lake Road and 4890 Mosquito Lake Road to support this argument. *Id.* During this lawsuit, Robin Howell clarified that there are two street addresses for her property and two houses on the property, but both houses are on one undivided parcel of 8.2 acres.[4] Dkt. ## 26 at 2; 43 at 3. She says that the 4848 Mosquito Lake Road address is for a small cabin with one bedroom and 4890 Mosquito Lake Road address is for the larger main house with three

---

742, 750 (E.D. Cal. 2020) ("In material misrepresentation clauses of this type, a misrepresentation triggering the clause is a 'false answer as to any matter of fact, material to the inquiry, knowingly and willfully made, with intent to deceive the insurer.'" (quoting *Cummings v. Fire Ins. Exch.*, 202 Cal. App. 3d 1407, 1416 (1988)); 1 Washington Insurance Law § 13.02 (2024) ("In order to prevail on a misrepresentation theory, an insurer must show that it attempted to ascertain accurate information before issuing the policy.").

[4] Homesite maintains that 4848 Mosquito Lake Road and 4890 Mosquito Lake Road are two separate properties, Dkt. # 138 at 8, while the Howells say that it is one undivided parcel, Dkt. # 136 at 9.

bedrooms.  Dkt. # 43 at 3.  She says that "[t]he property description [in the policy] is for the main residence with a mailing address of 4890 Mosquito Lake Road."  *Id*. at 3.  She says that she added the 4848 Mosquito Lake Road address to the policy as a mailing address because 4848 Mosquito Lake Road "had a locking mailbox and [she] did not want [her] abusive soon-to-be ex-husband reading [her] mail."  *Id.*  But the policy listed 4848 Mosquito Lake Road as the insured location until July 2021, not the mailing address.  Dkt. # 80-4 at 3.  Further, the record shows that in 2014, Robin Howell changed her mailing address to a completely different address in Everson, Washington.  Dkt. # 81-4 at 2.  But from 2012 to 2021, the address of the insured location in the policy was 4848 Mosquito Lake Road.  Dkt. # 81-2 at 2–11.  Such evidence can be viewed to show that, in the application for the 2021-2022 insurance policy, Robin Howell misrepresented the "property" by not providing an accurate description of the three-bedroom house that she says is located at 4890 Mosquito Lake Road.

The Howells say that Homesite cannot show misrepresentation because "Homesite has not, and cannot as a matter of law, offer any evidence that these are two separate parcels."  Dkt. # 136 at 9.  In a previous order denying Homesite's motion for summary judgment, the Court noted that "the Howells have submitted evidence that the property is a single undivided parcel and that the 'insured location' encompasses the main residence and the cabin, despite there being two separate mailing addresses."  Dkt. # 113 at 12.  But this argument fails to address the discrepancies in the description of the dwelling, and these discrepancies raise questions of fact regarding whether Robin Howell made misrepresentations about the covered dwelling.

Homesite also says that the timing of the change to the address on the policy on June 25, 2021, is further evidence of fraud and misrepresentation.  Dkt. # 138 at 7.  The Underlying Lawsuit involves the 4890 Mosquito Road address, and the Howells knew about the Underlying

Lawsuit before June 25, 2021, but tendered the Underlying Lawsuit to Homesite on July 2, 2021. *Id.* at 4–5.

The Howells say that these alleged misrepresentations are not material because Homesite did not request this information. Dkt. # 136 at 10. But Homesite requested a description of the dwelling and the property address. *See* Dkt. # 80-4 at 5 ("Please review your 'Declarations' page and check the description of your dwelling, occupancy, deductibles, coverages, and contracts and amendments. If any of this information needs to be corrected, you must advise us within 30 days of receipt."). "[W]hen an insurer specifically asks information in regard to a certain matter, the presumption is that the matter is material." *Cutter & Buck, Inc.*, 306 F. Supp. 2d at 1003.

The Howells also say that the alleged misrepresentations are not material because the misrepresented information did not influence Homesite's decision to issue the policy. Dkt. # 136 at 10. Specifically, Homesite has continued to insure the Howells, and has renewed the contract in 2022, 2023, and 2024. *Id.* But the Court disagrees with the Howells' interpretation of Homesite's actions. Homesite's decision to insure the Howells during the pendency of this lawsuit does not prove that the allegedly misrepresented information was not material. The Court must consider whether the misrepresentation "*influenced* the insurance company's decision to issue the coverage." *Cutter & Buck, Inc*, 306 F. Supp. 2d at 1003 (emphasis added). A fact can influence a decision without dictating the outcome. Homesite asked about the description of the property, which indicates this it did consider this information in deciding whether to issue coverage. *See id.* ("Information is material if the information measures the risk, which is 'the touchstone of an insurance contract.'"). Thus, whether these alleged misrepresentations are material is an issue of fact.

The discrepancies in the description of the covered dwelling and the address, as well as the timing of the change in address and tender of the Underlying Lawsuit, raise material issues of fact regarding whether Robin Howell made fraudulent misrepresentations in the description of the dwelling and the insured location.[5]  Further, whether these alleged misrepresentations are material are questions of fact.

C.    Attorney Fees

The Howells seek attorney fees under *Olympic Steamship Co. v. Centennial Insurance Co.*, 117 Wash. 2d 37, 52, 811 P.2d 673, 681 (1991), on the duty to defend issue.[6]  Dkt. # 136 at 12.  The Court granted the Howells' second motion for partial summary judgment and determined the Homesite owes the Howells a duty to defend.  Dkt. # 113 at 21.

Under *Olympic Steamship*, "an award of fees is required in any legal action where the insurer compels the insured to assume the burden of legal action, to obtain the full benefit of his insurance contract, regardless of whether the insurer's duty to defend is at issue."  117 Wash. 2d at 53, 811 P.2d at 681.

Homesite says that the Howells are not entitled to recover attorney fees because they have not yet prevailed on coverage.  Dkt. # 138 at 14.  Homesite argues that *Olympic Steamship*

---

[5] Homesite also says that Robin Howell's addition of her son, Robert Howell Jr., as a named insured on the 2021-2022 policy was fraudulent misrepresentation.  Dkt. # 138 at 7.  But Homesite does not say why, except to say that there was a lawsuit pending against Robert Howell Jr. at the time.  The Howells point out that "Homesite has yet to explain why 'who occupied the "insured location" and when' is deemed a concealed fact or a misrepresentation. The policy does not require a homeowner to list every family member residing on a property."  Dkt. # 136 at 8 n.2.  They also say that "[a]ny notification of the correct insured under the policy is not a 'misrepresentation.'"  *Id.*  Homesite does not address this argument.  The Court rejects Homesite's argument that the addition of a new named insured itself was a fraudulent misrepresentation.

[6] The Court previously determined that "the issue of attorney fees is premature at this stage of litigation as multiple issues are still pending before the Court" and denied the Howell's motion for attorney fees without prejudice.  Dkt. # 128 at 9.

ORDER - 10

attorney fees are available only if the insured prevails on the issue of indemnification and are unavailable when an insured merely prevails on the duty to defend. *Id.*

The Washington Supreme Court has never spoken directly on this issue. But in *Woo v. Fireman's Fund Insurance Company*, the Washington Supreme Court held that when an insurer breaches a duty to defend, the insured is entitled to attorney fees under *Olympic Steamship* "because the insurer 'compels the insured to assume the burden of legal action, to obtain the full benefit of his insurance contract." *Woo v. Fireman's Fund Ins. Co.*, 161 Wash. 2d 43, 70–71, 164 P.3d 454, 468 (2007) (*Olympic S.S.*, 117 Wash. 2d at 53). Here, although Homesite did not breach its duty to defend, it forced the Howells to litigate to obtain the benefits of the insurance contract, including defense, by suing the Howells.

Homesite also argues that *Olympic Steamship* attorney fees do not apply because Homesite did not deny coverage. Dkt. # 138 at 14. It says that *Olympic Steamship* attorney fees are available only when an insurer wrongfully denies coverage. *Id.* Here, Homesite is defending the Howells under a reservation of rights and sued the Howells, seeking a declaratory judgment that the Howells are not entitled to the benefits of the insurance contract. But Homesite initiated this lawsuit over coverage of the insurance contract. Thus, Homesite forced the Howells to litigate to receive the benefits of the insurance contract. *See Tim Ryan Const., Inc. v. Burlington Ins. Co.*, No. C12-5770 BHS, 2013 WL 1774627, at *9 (W.D. Wash. Apr. 25, 2013) (determining that Olympic Steamship attorney fees were appropriate where the insurance company agreed to defend the insured under a reservation of rights and denied coverage in the answer to the insured's coverage lawsuit).

Because the Howells have prevailed on the duty to defend, and defense is an essential benefit of the insurance contract, the Howells are entitled to attorney fees on this issue under Olympic Steamship.[7]

## IV

### CONCLUSION

For the above reasons, the Court GRANTS in part and DENIES in part the Howells' Fourth Motion for Partial Summary Judgment.  The Court GRANTS the motion on the issue of attorney fees for the duty to defend.  The Court DENIES the motion on the issue of misrepresentation, concealment, and fraud.

Dated this 25th day of October, 2024.

John H. Chun
United States District Judge

---

[7] Homesite also says that "*Olympic Steamship* fees may be awarded in a dispute over first-party coverage, not involving third-party liability and not involving the duty to defend." *Id.* (citing *Gossett v. Farmers Ins. Co.*, 82 Wash. App. 375, 917 P.2d 1124 (1996)).  But the court in *Gossett* did not address whether the insured can recover attorney fees for cases involving third-party liability and duty to defend. The court in *Gossett* determined that the insured cannot recover Olympic Steamship attorney fees for "disputes over the value of the claim," while the insured can recover attorney fees under *Olympic Steamship* for disputes over coverage under the insurance contract.  82 Wash. App. at 388.  This case, which involves the duty to defend and the duty to indemnify under the insurance contract, raises issues of coverage and is not a dispute over the value of the claim.  Thus, the Court rejects this argument.