UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HOMESITE INSURANCE COMPANY OF THE MIDWEST, a Wisconsin corporation,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT HOWELL, JR., a single individual; ROBIN HOWELL and ROBERT HOWELL, SR., a married couple; and SIERRA PACIFIC LAND & TIMBER COMPANY, a California corporation,<br><br>Defendants. | NO. 2:21-cv-01389-JHC<br><br>**ORDER RE: INDEMNIFICATION ISSUE** |

This matter comes before the Court *sua* sponte. At the pretrial conference yesterday, the parties appeared to indicate that the issue of Plaintiff's duty to indemnify could be tried before resolution of the underlying matter.

The Court has reviewed and reflected on the portion of the Order referenced by counsel at the conference:

> If Homesite wishes to litigate its duty to indemnify, it may do so after the Underlying Lawsuit has concluded. *See Mut. Of Enumclaw Ins. Co. v. USF Ins. Co.*, 164 Wash.2d 411, 421, 191 P.3d 866 (2008) ("the duty to indemnify arises when an insured is actually liable to a claimant and that claimant's injury is covered

ORDER RE: INDEMNIFICATION ISSUE - 1

by the language of the policy." (internal citations omitted)).

Dkt. # 113 at 16. The Parties indicated during the hearing that the underlying case remains ongoing, so it has not yet been determined whether the insured is actually liable to a claimant or whether the claimant's injury is covered by the policy. Thus, it appears to the Court that it would be procedurally improper to try the indemnification issue before resolution of the underlying matter. *See id.*

Said differently, the question regarding Plaintiff's request for a declaratory judgment regarding indemnity does not appear ripe. *Texas v. United States*, 523 U.S. 296, 300 (1998) ("A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all.") (internal citation and quotation marks omitted); *see Travelers Prop. Cas. Co. of Am. v. HPS Mech., Inc.*, 2024 WL 2786047, at *4 (S.D. Cal. Feb. 8, 2024) (collecting cases).

Given the foregoing, the Court is not inclined to try the indemnification issue at the trial scheduled for June 9, 2025. If a party still believes that the Court may try the issue, they may submit a brief in support of their position, not to exceed three pages, by Friday, May 30, 2025.

DATED this 28th day May, 2025.

                                                     John H. Chun  
                                                   United States District Judge

ORDER RE: INDEMNIFICATION ISSUE - 2